Reed, J.,
delivered tbe opinion of the court.
Appellee brought suit for damages caused by fire alleged *160 to have been set out by an engine of appellant, resulting in the destruction of grass and hay in the stack on the land of’ appellee through which the road was operated.
The statute under which the action was brought is as follows : — Geni. Stat. § 2798, p. 812.-^-“ That every railroad company operating its line of road or any part thereof within the state shall be liable for all damages by fire, that is set out or caused by operating any such line of road or any part thereof, and such damages may be recovered by the party damaged by the proper action in any court of competent jurisdiction.”
The case wag tried in the district court to a jury, resulting in a verdict and judgment against the appellant for $610, from which this appeal was prosecuted. The ease is ably presented by the counsel of appellant, upon two propositions: First, that the statute “ is unconstitutional and void, being in violation of the Constitution of Colorado * * * and of the Constitution of the United States * * * in that, in the form of a money judgment, it deprives persons of property without due process of law.” Second, that “ the plaintiff was guilty of contributory negligence in respect to the stack of hay burned.” Some twenty pages of printed brief and carefully prepared argument are devoted to sustaining the first proposition. The case of .the U. P. Railway v. De Busk, 12 Colo. 296, is ably reviewed and criticised. The argument was addressed to, and filed in the same court (the supreme court), probably with the view of the overruling or modification of the decision in that case. The case having been transferred by the supreme court to this court, and the opinion in that case, clearly and unequivocally asserting the constitutionality of the law, remaining authoritative, the question is not open to review in this court and will not be discussed.
The statute in question seems to have been based upon the theory that with modern mechanical appliances and due care railroads could be so operated as to render the setting out of fires by locomotives impossible, and that the communicating of fire to adjacent combustible material was to be re *161 gard'ed as negligence per se, eliminating all questions of negligence or care which were fundamental and controlled the right to recover at common law. Whether such theory was correct, and care and modern mechanical appliances would absolutely prevent and render the escape of fire impossible, we are not informed. If such is the fact there can be no question of the justness of the statute or the wisdom of the legislature in enacting it. The utmost skill and care should be required and all modern, practicable, mechanical devices employed for the protection of property; more especially should this be the case where climatic conditions are such as to greatly enhance the danger, but if on the other hand the absolute control of fire is not within the power of the company or its operators, the statute is, at least, harsh and oppressive. The right to operate a railroad being conferred and a franchise granted, the people of the state have a right to exact all possible care in its management, and bjr law compel due attention to-private rights of persons and property.
By the statute under consideration, the law of control and indemnity for loss has been carried to the very verge of constitutional legislation. By it only two questions are left for determination: first, the origin of the fire; second, the amount of damage. The question of care or negligence in operating the road not being a factor, and there being no law requiring individuals along the line of the road to use any precautions or perform any acts to prevent the occurring of fires, we do not see how, under the circumstances of this case, or under any circumstances where the loss occurs by fire, contributory negligence, on the part of the owner of the land, can be available as a defense.
It is contended that appellee was guilty of contributory negligencefirst, in stacking hay too near the track; second, in not protecting it from fire; third, not allowing appellant to protect it. We are at a loss to see how the doctrine of contributory negligence can be invoked as a defense where there is no law requiring precautionary action on the part of *162 the party damaged, and no question of negligence on the part of the corporation can be made or adjudicated.
It is shown by the evidence that the stack of hay burned was from 120 to 150 yards from the track; that the right of way of appellant was 50 feet in width, 25 feet each way from the center of the track; that the fire caught a few feet outside of the right of way, burned over the intermediate ground, reached the hay and consumed it; hence, the burning could not be • chargeable to its proximity — fire was not directly communicated to the hay from the engine. The proximate cause was the ignition of the grass in the immediate vicinity of the track. It is evident the result might have been the same had the distance been a mile.
It is also shown by evidence that appellant’s servants had attempted to burn around the stacks to protect them, and had been stopped by appellee. Within the right of way and upon the land under, control of the appellant, any precautionary measures were under its control and not only justifiable but praiseworthy. Outside of its lines, such efforts may have been praiseworthy, but not legally justifiable without the consent of the owner. To allow or refuse permission was.a matter solely in his discretion, ,and he could not be chargeable with contributory negligence for refusing to allow an illegal entry and occupation of his land.
In The Denver, T. & G. R. R. Co. v. De Graff, recently decided in this court, ante p. 42, we had occasion, in an analogous, if not strictly parallel case, to discuss the same statute, and the ease of Railway v. De Busk, (supra,) while following it as to the constitutionality of the statute, we did not indorse the opinion as a whole. We could not say that under an arbitrary statute, where the only facts to be established were the origin of the fire, and damage, that the origin of'the fire could be established by inference. Such construction would leave a corporation too much at the mercy of designing men, • and we held that the origin- of the fire should be established like any. other important fact, .and reversed the. judgment mainly for want, of sufficient evidence to estab *163 lish the origin. In this case, that the fire was communicated by a passing engine appears to have been tacitly conceded pr admitted.
It is also contended that the court erred in refusing instructions asked by appellant, and in those given.
The first four instructions asked and refused required the court tp direct a verdict for appellant, taking all consideration of questions of fact from the jury, and were very properly refused.
' The second refused instruction required the court to instruct the jury that plaintiff could not recover unless negligence was shown on the part of appellant. As already shown, iri.our construction of the statute, no issue of the kind was involved, and the instruction properly refused. The third, fifth and sixth required the court to submit to. the jury questions of contributory negligence on the part of appellee ; first, that it was negligence to stack the hay so near the track without protecting it in some manner. Such instruction was not warranted by any evidence in the case. The distance was a safe one as far as direct danger of burning was concerned. The fifth was the same as the third in effect, with the addition that it was the duty of appellee to have burned or plowed a fire guard around the stack, and failing to do so was negligence. This was properly refused. The sixth, the same as the fifth, with the further addition that" the appellee was guilty of negligence in not allowing appellant to burn a fire guard around the stacks. -This, in our view of the case as above stated, would have been improper and was properly refused.
Under a Statute arbitrarily fixing the liability, on.proof of damage and that the fire was communicated by operating the road, regardless of the questions of care and negligence, there,. of necessity, could be no issue of contributory negligence, no precautions being required by law .to be taken by parties to. prevent .burning. If there was error in the instructions given, it was .in submitting to the jury the question, of .contributory negligence of the appellee at all. In *164 the sixth and seventh .instructions given by the court the question of contributory negligence of appellee is directly submitted to the jury, and they were charged if the property “ would not have been destroyed but for that contributory negligence, then plaintiff cannot recover in this action.”
' .The instructions, given embraced, in substance, all that was asked by appellant on the question of contributory negligence, and the issue was found against it. In other respects the instructions given appear to have been correct.
■ The statute having; been declared constitutional, and in our view of it, no serious errors having occurred upon the trial, the judgment must be affirmed.

Affirmed.